UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST FUND - DETROIT AND
VICINITY, LABORERS VACATION AND HOLIDAY
TRUST FUND - DETROIT AND VICINITY, LABORERS
AND POURED CONCRETE WORKERS INSURANCE FUND,
LABORERS ANNUITY FUND - DETROIT AND VICINITY,
MICHIGAN LABORERS TRAINING FUND, POURED
CONCRETE WALL INDUSTRY STEWARD FUND,

     Plaintiffs,     CIVIL NO: 07-10612

              HONORABLE ANNA DIGGS TAYLOR
              HONORABLE STEVEN D. PEPE

vs.

GARY M. WALLER, individually and
d/b/a METRO SPRAY COATING,

     Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION TO
AMEND SCHEDULING ORDER (DKT. #9)
AND
<u>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND PLEADINGS (DKT. #10)</u>**

This is a lawsuit for breach of the fringe benefit provisions of a collective bargaining agreement. It is jurisdictionally predicated upon Section 301 of LMRA, 29 U.S.C. §185, and Sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§1132(a)(3), 1132(g)(2) and 1145, respectively. Defendant was served with and answered the Complaint on March 6, 2007 (Dkt. #3). On April 2, 2007, Defendant was subsequently served with admission requests (Dkt. #5, Ex. A). Pursuant to Fed.R.Civ.P.36(a), Defendant's written responses to those requests was due on May 7, 2007, but Defendant failed to respond to those requests. As a result, Plaintiffs filed a

1

motion for summary judgment and claimed that pursuant to Fed. R. Civ. P.36(a), all matters contained in their admission requests are deemed admitted (Dkt. #5). Accordingly, Plaintiffs moved for judgment as a matter of law because there was no genuine issue of fact material to the resolution of Plaintiffs' Complaint.

On July 30, 2007, Judge Taylor held a hearing on Plaintiffs' motion for summary judgment. After being first duly sworn, Defendant testified under oath that the signature to the power of attorney granting the trade association authority to enter into collective bargaining agreements with the Laborers Union on behalf of Metro Spray Coating was not his authentic signature. The Defendant further testified under oath that Metro Spray Coating was not his company, but that he was merely an employee of that company and that it is a company owned by his wife under an assumed name. Based on that testimony, and for purposes of Plaintiffs' motion, the Court found that there is a genuine dispute regarding (a) whether or not Defendant Gary Waller is indeed operating under the assumed name of Metro Spray Coating and (b) whether or not the signature of "Gary Waller" appearing on the power of attorney is indeed the authentic signature of Defendant Gary Waller herein. Accordingly, the Court denied Plaintiffs' motion.

In an October 19, 2007, order, Defendant Gary Waller was directed to supply Plaintiffs with 50 authentic signatures for expert comparison (Dkt. #12). Defendant was further directed to supply Plaintiffs with authentic certificates of assumed name for the company identified as Gary Waller, which Defendant asserts is the assumed name of his wife. Such documents were to include the original certificate of assumed name and all amended certificates filed with any county clerk in the State of Michigan.

On September 25, 2007, Plaintiffs filed a motion to amend the scheduling order because Defendant had failed, as of that date, to submit his signatures for comparison (Dkt. #9). Thus, discovery was not complete and Plaintiffs contend that the parties could not reasonably participate in the final pretrial conference or the settlement conference, scheduled for September 27, 2007, at 9:30 a.m. Also on September 25, 2007, Plaintiffs filed a motion to amend the pleadings to add Cathy A. Waller, d/b/a Metro Spray Coating, as a party defendant (Dkt. #10). Attached to that motion is the record of a company in Oakland County identified as Metro Spray Coating, which is the assumed name of a Cathy A. Waller in Farmington Hills, Michigan (Dkt. #10, Ex. A). Both motions were referred for hearing and determination pursuant to 28 U.S.C. § 636 (B)(1)(A) (Dkt. #13). For the reasons indicated below, **IT IS ORDERED** the both of Plaintiffs' motions are **GRANTED.**

Defendant did not file a response directly addressing Plaintiff's motions. Rather, on November 1, 2007, Cathy A. Waller, Defendant's wife, filed an "Answer To Motion For Summary Judgment Establishing Liability" (Dkt. #15) Attached to this response is the 50 signatures for expert comparison required by this Court's October 19, 2007, order. In this response, Ms. Waller also indicates that the name of Metro Spray Coating was taken over by her in February of 1995. In addition, Ms. Waller identifies herself as "defendant" (Dkt. #15, p. 1, ¶ 1).

Under Fed. R. Civ. P. § 15(a):

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Courts are liberal in allowing parties to amend complaints, "which reinforces one of the basic

3

policies of the federal rules – that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1473, at 521 (2d ed. 1990).

Here, Defendant has not provided an objection to adding Cathy A. Waller as a defendant In fact, Ms. Waller appears to believe that she is already a defendant to this action. Accordingly, because Defendant's statements under oath, and the related evidence, support that Plaintiffs Complaint should be amended to add Cathy A. Waller, d/b/a Metro Spray Coating as a party defendant, Plaintiffs' motion to amend the pleadings is **GRANTED**. In addition, because the addition of a new party and the delay in obtaining Defendant's signatures has required the need for additional discovery, Plaintiffs' motion to amend the scheduling order is also **GRANTED**. The parties shall coordinate with Judge Taylor's Chambers to finalize a new scheduling order.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Dated: November 14, 2007                                                     s/ Steven D. Pepe
Flint, MI                                                                                United States Magistrate Judge

**CERTIFICATE OF SERVICE**

This is to certify that on November 14, 2007, I electronically filed the foregoing Scheduling Order with the Clerk of the Court using the ECF system which will send notification of such filing to the following parties: Robert A. Farr, Jr. , and I hereby certify that I have mailed a copy of the Scheduling Order to the following non-ECF parties: Cathy A. Waller, Gary M. Waller, 35297 Old Homestead Dr., Farmington Hills, MI 48335

                                              s/ James P. Peltier
                                              James P. Peltier
                                              Courtroom Deputy Clerk
                                              U.S. District Court
                                              600 Church St.
                                              Flint, MI 48502
                                              810-341-7850
                                              pete_peltier@mied.uscourts.gov